## RIDENOUR-BAKER GROCERY COMPANY V. MAUD PERKINS.

**No. 373.\*   (61 Pac. 459.)**

ESTOPPEL—*Ownership of Property—Bill of Sale.*  The trial court ruled that the defendant below, by reason of its demanding and receiving a bill of sale in the nature of a chattel mortgage, covering the goods involved in the controversy, was estopped to claim ownership thereof under a prior bill of sale from plaintiff's vendor. *Held*, not error; and further *held*, that evidence offered by defendant concerning a state of facts existing prior to plaintiff's purchase of the goods was properly excluded.

Error from Lyon district court; W. A. RANDOLPH, judge.   Opinion filed June 19, 1900.   Affirmed.

*Madden Bros.*, for plaintiff in error.

*J. Harvey Frith*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.:  This action was commenced on September 1, 1896, by the defendant in error to rescind a bill of sale in the nature of a chattel mortgage for $222.63, executed by the defendant in error and one G. C. Thompson, and purporting to transfer to the plaintiff in error a stock of groceries and millinery located in the city of Emporia.   The petition alleged that the defendant's agent, by means of false and

*Petition for order to certify denied by supreme court August 14, 1900.—REP.

Ridenour v. Perkins.

fraudulent representations, had induced the plaintiff to execute and deliver the bill of sale in question, the principal representation being that defendant held a prior and valid bill of sale given by Thompson, from whom plaintiff purchased the grocery stock, and that unless the plaintiff would give a bill of sale covering her entire stock, to secure the payment of the indebtedness due from Thompson to the defendant, the latter would seize the stock of goods under a prior bill of sale. The petition sufficiently alleged a cause of action for the rescission prayed for, and the plaintiff's evidence tended to prove the essential allegations of the petition.

The defendant sought to show that the plaintiff purchased the goods from Thompson with knowledge of the defendant's rights in the premises, the claim being that at the time of such purchase Thompson was in possession of the goods as defendant's agent under the unrecorded bill of sale theretofore given by Thompson. The court held the defendant estopped by its conduct, and especially by demanding and receiving the bill of sale from the plaintiff, to deny the plaintiff's ownership of the goods. The defendant also endeavored to prove that, after the plaintiff had obtained full knowledge of the facts upon which her alleged right of rescission rested, she had ratified and confirmed the bill of sale. The jury returned a verdict for the plaintiff, and expressly found that the execution of the bill of sale by the plaintiff was secured by fraud and that the plaintiff never ratified the same. Judgment for the rescission of the bill of sale was thereupon entered.

It is claimed that the court erred in the exclusion of certain evidence offered by the defendant to prove that when the plaintiff purchased the goods from Thompson the latter was holding them as agent of

the defendant under the first bill of sale.  Holding as we do that the trial court did not err in declaring the defendant estopped to deny the plaintiff's title at and prior to the time she made the bill of sale, we also hold that the offered evidence was properly excluded, since it related a state of facts existing prior to plaintiff's purchase of the goods.  The instructions given appear to have properly submitted the essential facts in controversy to the jury for decision, while the instructions refused were either inapplicable or were sufficiently embodied in those given.  The verdict rests upon conflicting evidence.  We have found no error sufficient to justify a reversal of the judgment. It is affirmed.